UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

December 19, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Donald W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-2869-BAH

Dear Counsel:

On November 8, 2021, Plaintiff Donald W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 10, and the parties' cross-motions for summary judgment, ECFs 13 and 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on July 17, 2019, alleging a disability onset of January 1, 2016. Tr. 332–48. Plaintiff's claims were denied initially and on reconsideration. Tr. 227–30, 263–64. On May 19, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 119–84. Following the hearing, on July 26, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 36–58. The Appeals Council denied Plaintiff's request for review, Tr. 1–9, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination

---

[1] 42 U.S.C. §§ 301 et seq.

using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since February 23, 2014, the alleged onset date." Tr. 42. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "arachnoiditis, chronic kidney disease, depressive disorder, anxiety disorder, migraine headaches, and obesity," and that "[a]ll other impairments alleged and found in the record [were] nonsevere." Tr. 42–43. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 43. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can frequently but not always stoop, kneel, and crouch. He can only occasionally climb stairs and crawl. He can never climb ladders. He can have no more than frequent exposure to extreme cold. The claimant can have no exposure to sustained, loud noises. He can have no more than frequent exposure to vibration, or fumes, gases or pulmonary irritants or to workplace hazards such as unprotected heights/dangerous machinery. The claimant can have no exposure to bright lights. He can frequently but not always twist the lumbar spine or lower back. He can frequently but not always handle objects (i.e., gross manipulation) and finger objects (i.e., fine manipulation) with the left hand. The claimant is limited to only nonproduction-paced tasks as to tempo and capacity (i.e., non-assembly line work). He is limited to only rare interaction with the public, but he may be in the presence of the public (I defined rare as "5% of time").

Tr. 45. The ALJ determined that Plaintiff was unable to perform past relevant work as a meat department stock clerk (DOT #299-367-014),[2] meat department manager (DOT #299-137-010), grocery department manager (DOT #316-684-018), perishable manager/store manager (DOT #185-167-046), or meat stocker (DOT #299-367-014) but could perform other jobs that existed in

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

significant numbers in the national economy. Tr. 50–51. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 52.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two overarching arguments on appeal. First, Plaintiff argues that the ALJ erroneously assessed his limitations with regard to the RFC determination in this case. ECF 13-1, at 4–13. Specifically, Plaintiff avers that the ALJ: (1) failed to adequately address his "severe" migraine headaches in the RFC assessment and (2) failed to explain how Plaintiff could maintain concentration, persistence, and pace for 85 percent of the workday despite Plaintiff's moderate limitation in this function. *Id.* at 6–13. Second, Plaintiff argues that the ALJ erroneously evaluated his subjective complaints. *Id.* at 13–18. Defendant counters that: (1) the ALJ adequately supported the RFC assessment with substantial record evidence and (2) substantial evidence supported the ALJ's evaluation of Plaintiff's subjective complaints. ECF 19-1, at 5–13.

A claimant's RFC represents "the most he can still do despite his limitations." 20 C.F.R. § 404.1545(a)(1). In determining a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [his] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling 96-8p, an ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. § 404.1545(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." 20 C.F.R. § 404.1545(b). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work" of which he believes the claimant to be capable. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Id.* (alteration in original) (citation omitted). Thus, an ALJ must both

identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Plaintiff persuasively argues that the ALJ erred by "fail[ing] to explain how limitations related to bright lights and loud noise adequately addressed the Plaintiff's migraine headaches . . . ." ECF 13-1, at 7. In his decision, the ALJ determined that Plaintiff's "documented medical history of . . . migraine headaches" constituted a "severe" impairment. Tr. 43–46. The ALJ also stated that Plaintiff could have no exposure to bright lights, could never climb ladders, and could have no exposure to sustained, loud noises due to his migraines. Tr. 45, 49. However, the ALJ failed to explain how or why any of these limitations are sufficient to compensate for Plaintiff's "severe" impairment of migraines. The ALJ's failure to provide rationale for these limitations is particularly confusing given his additional finding that Plaintiff's failure to seek additional treatment for migraines after taking medication on a trial basis "indicates [that] the medication was effective or that the claimant's migraines are not as bothersome as he reported." Tr. 47. With respect to Plaintiff's testimony regarding his migraines, the ALJ determined that Plaintiff's statements that he "cannot get out of bed" on some days, "cannot leave the house more than 1/2 the month," and "has to be in a pitch-black room with [a] cloth over his head," were not entirely consistent with the evidence of record in this case. Tr. 46. Nonetheless, the ALJ failed to identify any specific record evidence that undercuts Plaintiff's testimony on this issue or otherwise explain how Plaintiff's testimony and the record are inconsistent. Because of these omissions, the ALJ's decision lacks a "logical bridge" linking record evidence to the RFC limitations regarding Plaintiff's migraines. *Woods*, 888 F.3d at 694. As such, remand is needed so that the ALJ can better explain the rationale for these RFC limitations.

In sum, the ALJ's RFC assessment fails to "identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694. As such, remand is required so that the ALJ can adequately address Plaintiff's RFC limitations. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Because the case is being remanded on other grounds, I need not address Plaintiff's remaining arguments that the ALJ also erred by failing to explain how Plaintiff could maintain concentration, persistence, and pace for 85 percent of the workday despite Plaintiff's moderate limitation in this function and by erroneously evaluating Plaintiff's subjective complaints. ECF 13-1, at 11–18. On remand, the ALJ is welcome to consider this argument and make any required adjustments to the opinion.

## V.   CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 13, is DENIED and Defendant's motion for summary judgment, ECF 19, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

*Donald W. v. Kijakazi*
Civil No. 21-2869-BAH
December 19, 2022
Page 5

    Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                        Sincerely,

                        /s/

                        Brendan A. Hurson
                        United States Magistrate Judge